Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000108
05-SEP-2018
09:53 AM

NO. CAAP-17-0000108

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RICHARD C. MACDONALD, Plaintiff-Appellant,
v.
BOARD OF LAND AND NATURAL RESOURCES, SUZANNE CASE,
in Her Official Capacity as Chairperson of the Board of
Land and Natural Resources, MAUNALUA FISHPOND HERITAGE
CENTER, and THE TRUST FOR PUBLIC LAND,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0902-05)


ORDER GRANTING THE AUGUST 6, 2018
MOTION TO DISMISS APPEAL AS MOOT
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellee Maunalua Fishpond Heritage Center
(MFHC) filed a Motion to Dismiss Appeal as Moot (Motion) on
August 6, 2018. On August 7, 2018, Defendant-Appellee The Trust
for Public Land (TPL) and Defendants-Appellees Board of Land and
Natural Resources, Suzanne Case, in her official capacity as
Chairperson of the Board of Land and Natural Resources (BLNR) and
the Department of Land and Natural Resources (DLNR), filed
joinders in the Motion. Plaintiff-Appellant Richard MacDonald
(MacDonald) has not filed any response or opposition to the
Motion.

This matter involves the BLNR's decision to approve a grant of public funds to the MFHC and the TPL to acquire the Kānewai Spring Property in East Honolulu (**Kānewai Spring**). The material facts are not in dispute. The Kānewai Spring features an open freshwater spring that flows into the ocean and into an ancient Hawaiian fishpond (**Kānewai Fishpond**). The Kānewai Fishpond is privately owned with surrounding property owners holding an undivided interest in the fishpond.

MacDonald is one of the two members of Kalanianaole Highway LLC, which owns residential real property located at 6015-B Kalaniana'ole Highway, Kuli'ou'ou, Honolulu, Hawai'i (**Kalaniana'ole Property**). The Kalaniana'ole Property is on the Kānewai Fishpond and includes an undivided ownership interest in the Kānewai Fishpond along with other neighboring properties.

On appeal, MacDonald contends that the Circuit Court of the First Circuit (**circuit court**) erred in dismissing his First Amended Complaint for lack of subject matter jurisdiction.

MacDonald's challenge arises from his status as a member of Kalanianaole Highway LLC and its ownership of the Kalaniana'ole Property. However, it appears that Kalanianaole Highway LLC sold the Kalaniana'ole Property by way of a Warranty Deed dated April 17, 2018 during the pendency of this appeal. The conveyance appears to have eliminated the purported basis for MacDonald's alleged standing under the Hawai'i Environment Policy Act (**HEPA**).

With regard to mootness, the Hawai'i Supreme Court has stated:

> [A] case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where events have so affected the relations between the parties that the two conditions of justiciability relevant on appeal—adverse interest and effective remedy—have been compromised.

2

Bank of New York Mellon v. R. Onaga, Inc., 140 Hawai'i 358, 365, 400 P.3d 559, 566 (2017) (citation, internal quotation marks and brackets omitted).

To determine standing, we employ a three-part test, requiring that the plaintiff satisfy the following: "(1) has the plaintiff suffered an actual or threatened injury . . . ; (2) is the injury fairly traceable to the defendant's actions; and (3) would a favorable decision likely provide relief for plaintiff's injury." Sierra Club v. Dep't of Transp., 115 Hawai'i 299, 319, 167 P.3d 292, 312 (2007) (Sierra Club) (footnote, citations, and brackets omitted).

In this case, MacDonald argued that he suffered a procedural injury under HEPA. To establish a procedural injury, a plaintiff must show that:

> (1) the plaintiff has been accorded a procedural right, which was violated in some way, e.g., as here, a failure to conduct an EA; (2) the procedural right protects the plaintiff's concrete interests; and (3) the procedural violation threatens the plaintiff's concrete interests, thus affecting the plaintiff "personally," which may be demonstrated by showing (a) a "geographic nexus" to the site in question and (b) that the procedural violation increases the risk of harm to the plaintiff's concrete interests.

Sierra Club, 115 Hawai'i at 329, 167 P.3d at 322 (citation and footnote omitted).

On appeal, the parties dispute whether the circuit court erred in dismissing MacDonald's First Amended Complaint based on standing. In opposition to MFHC and TPL's summary judgment motion in the Circuit Court, MacDonald provided in his declaration that he is "one of two member-managers of Kalanianaole Highway, LLC, that owns residential property located at 6015-B Kalanianaole Highway, Kuliouou, Honolulu, Hawaii, 96821 . . . My wife, Claire MacDonald, is the other member-manager of Kalanianaole Highway LLC." MacDonald further attested that "6015-B Kalanianaole is on the privately owned Kanewai Fishpond and includes an undivided ownership interest in the Kanewai Fishpond along with the other neighboring properties on the Kanewai Fishpond."

3

In the instant case, the record supports MFHC's assertion that Kalanianaole Highway LLC has conveyed the subject property via which MacDonald claims standing. Specifically, in the Warranty Deed attached to the Motion, Kalanianaole Highway LLC transfers certain property, including Tax Map Key 3-8-002-036, which is the same property through which MacDonald claims an interest in this case. The record is devoid of any additional basis for MacDonald to assert standing in this case. MacDonald requests on appeal that we reverse the circuit court's dismissal based on standing and remand the case to the circuit court. However, given that the basis for MacDonald's alleged standing under HEPA is no longer present, because MacDonald does not hold any interest in the Kalaniana'ole Property, no effective relief in this appeal can be granted and thus MacDonald's appeal is moot.

Moreover, exceptions to the mootness doctrine are not applicable in this instance. Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008).

Therefore, IT IS HEREBY ORDERED that Maunalua Fishpond Heritage Center's August 6, 2018 motion to dismiss appellate court case number CAAP-17-0000108 as moot is granted, and this appeal is dismissed.

DATED: Honolulu, Hawai'i, September 5, 2018.

Chief Judge

Associate Judge

Associate Judge

4